UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SUZANNE BERRY,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 16-cv-11414
Honorable Laurie J. Michelson
Magistrate Judge Mona K. Majzoub

**OPINION AND ORDER OVERRULING OBJECTIONS [22] AND
ADOPTING REPORT AND RECOMMENDATION [21]**

Plaintiff Suzanne Berry suffers from chronic back pain, anxiety, depression, shingles, and fibromyalgia. Additionally, she is a caregiver for her disabled child. She sought supplemental security income under the Social Security Act. In December 2014, an administrative law judge acting on behalf of Defendant Commissioner of Social Security concluded that Berry was not disabled within the meaning of the Social Security Act. Berry appealed here. (R. 1.) The Court referred her motion for summary judgment (R. 14) and the Commissioner's motion for summary judgment (R. 17) to Magistrate Judge Mona K. Majzoub, who recommends affirming the ALJ's disability determination. Berry objects. Having performed a *de novo* review of those portions of the magistrate judge's report and recommendation to which Berry has objected, *see* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(3); *Thomas v. Arn*, 474 U.S. 140, 150 (1985), the Court will overrule the objections and adopt the recommendation of the magistrate judge for the reasons explained below.

## I.

Berry's first objection is that the Magistrate Judge misunderstood the role of imaging studies in diagnosing fibromyalgia. In particular, Berry says: "Controlling case law in the Sixth Circuit states imaging is ineffective to determine fibromyalgia. The Magistrate [Judge] then states 'neither of these cases, nor SSR 12-2p, precludes an ALJ from considering such evidence.' In fact, the term 'ineffective' means not to use the absence of imaging at all." (R. 22, PID 379.) Plaintiff raised the same argument in her motion for summary judgment. (R. 14-2, PID 306 ("Although [the ALJ] made a finding that the claimant suffers from fibromyalgia, she erred by using the absence of imaging as a basis to find the claimant was not impaired from useful employment.").)

It is true that "[t]he Sixth Circuit and the Social Security Administration have . . . recognized that it makes little sense to rely on a lack of objective medical evidence when addressing both the diagnosis and the treatment of fibromyalgia." *Byberg v. Comm'r of Soc. Sec.*, No. 12-10158, 2013 U.S. Dist. LEXIS 44769, at *25-26 (E.D. Mich. Mar. 11, 2013) (citing *Rogers v. Comm'r*, 486 F.3d 234, 243–44 (6th Cir. 2007); *Preston v. Sec'y of Health & Human Serv.*, 854 F.2d 815, 820 (6th Cir. 1988)).

In *Rogers* and *Preston*, the ALJ's erred by relying on the absence of objective evidence of fibromyalgia, despite that the claimants' treating physicians had used the proper means of diagnosing that condition. In *Rogers*, the Court noted that "fibromyalgia patients 'manifest normal muscle strength and neurological reactions and have a full range of motion.' The process of diagnosing fibromyalgia includes (1) the testing of a series of focal points for tenderness and (2) the ruling out of other possible conditions through objective medical and clinical trials." 486 F.3d at 244. Accordingly, it was inappropriate for the ALJ in *Rogers* to discount the opinions of

the claimant's treating physicians, who had performed the proper tests for a fibromyalgia patient, in favor of the opinions of non-treating physicians whose assessments were based largely on "a lack of objective findings." *Id.* at 245. Similarly, in *Preston*, the ALJ inappropriately discounted the opinion of claimant's treating physician, which was based on traditional fibromyalgia diagnostic methods, in favor of the Commissioner's objective evidence showing "fairly normal clinical test results." 854 F.2d at 820. In both cases, the Sixth Circuit concluded that given the specialized testing needed to diagnose fibromyalgia, "CT scans, X-rays, and minor abnormalities. . . are not highly relevant in diagnosing [the illness] or its severity." *Id.* at 820.

The ALJ in this case did not use objective evidence to reject Berry's treating physician's diagnosis of fibromyalgia like the ALJs in *Rogers* and *Preston* did. The ALJ examined reports from rheumatologist Mustapha Mallah, M.D., who treated Berry in 2014. (*Id.*) In January 2014, Mallah "noted multiple tender spots on physical examination" and concluded that Berry suffered from fibromyalgia, prescribing Lyrica and physical therapy. (*Id.* at PID 63.) However, by August 2014, Berry had stopped taking Lyrica due to weight gain. (*Id.*) She was not in distress, her range of motion was not limited, and Mallah detected no motor or sensory deficits. (*Id.*) Indeed, her pain was managed through "Toradol occasionally and Norco daily as needed" and she "was not in distress." (*Id.*) And the ALJ gave limited weight to a letter from Berry's employer stating that she could not "meet the demands of her job" there due to the special physical requirements of that job. (*Id.* at PID 63.)

As the Sixth Circuit has explained, there is "an important distinction between, on one hand, diagnosing fibromyalgia and finding it to be a severe impairment and, on the other, assessing a claimant's physical limitations due to the impairment." *Torres v. Comm'r of Soc. Sec.*, 490 F. App'x 748, 754 (6th Cir. 2012). Indeed, "[A] diagnosis of fibromyalgia does not

automatically entitle [a claimant] to disability benefits." *Vance v. Comm'r of Soc. Sec.*, 260 F. App'x 801, 806 (6th Cir. 2008). Rather, the question is whether a claimant diagnosed with fibromyalgia is "one of the minority" of fibromyalgia patients who have a case so "severe . . . as to be totally disabled from working." *Torres*, 490 F. App'x at 754 (citing *Sarchet v. Chater*, 78 F.3d 305 (7th Cir. 1996)). The ALJ here credited Berry's fibromyalgia diagnosis, and then sought to determine the effects of that diagnosis on Berry's ability to work. What the ALJ did was permissible under governing Sixth Circuit case law. Berry's first objection will be OVERRULED.

Berry's second objection is based on her interpretation of a Social Security Ruling as precluding an ALJ from considering a claimant's inconsistent statements. In particular, she says: "SSR 12-2p notes the effect of waxing and waning of symptoms in sufferers of fibromyalgia, nonetheless, the Magistrate [Judge] states 'the rule neither explicitly precludes an ALJ from considering a person's inconsistent statements as part of a credibility analysis.' In fact, the Ruling does preclude the ALJ from considering a person's inconsistent statement about their symptoms over time." (R. 22, PID 379.)

The Social Security Ruling Berry cites, which is addressed to "Evaluation of Fibromyalgia," explicitly states, "[W]e will make a finding about the credibility of the person's statements regarding the effects of his or her symptoms on functioning." SSR 12-2p, 2012 SSR LEXIS 1, *14–15. And the Ruling refers at this point to SSR 96-7p, which does not preclude the ALJ from considering a claimant's statements over time. *See* SSR 96-7p, 1996 SSR LEXIS 4, *2–3 ("In determining the credibility of the individual's statements, the adjudicator must consider the *entire* case record, including . . . the individual's own statements about symptoms[.]" (emphasis added)). Accordingly, Berry's second objection will be OVERRULED.

Berry's third objection reads as follows:

> Plaintiff's rheumatologist, Dr. Mallah, submitted an opinion letter which didn't happen[] to state one way or another whether Plaintiff was disabled from performing work. From this absence of evidence, the ALJ opines that Dr. Mallah does believe the Plaintiff is disabled from working, and the Magistrate [Judge] states, 'the ALJ gave great weight to Plaintiff's rheumatologist, Dr. Mallah, who despite submitting a letter-opinion regarding the condition of Plaintiff's fibromyalgia in August 2014, did not opine the Plaintiff had any particular work-related functional limitations.' Great weight was inappropriate here.

(R. 22, PID 379–80.) However, Plaintiff did not raise this argument regarding Dr. Mallah in her motion for summary judgment. (*See* R. 14-1, PID 300.) "[A] claim raised for the first time in objections to a magistrate judge's report is deemed waived." *Swain v. Comm'r of Soc. Sec.*, 379 F. App'x 512, 517-18 (6th Cir. 2010). Moreover, the fact that a claimant's treating physician imposed no limitations based on the claimant's medical impairment can be relevant to determining residual functional capacity, as the ALJ used such information here. (R. 12-2, PID 61.) *See, e.g.*, *Thurman v. Apfel*, No. 99-3587, 2000 U.S. App. LEXIS 8083, at *20 (6th Cir. Apr. 20, 2000). Accordingly, this objection will be OVERRULED.

Berry's fourth and final objection reads as follows: "There is no direct evidence in the record to directly refute the positive evidence given by Plaintiff's employer and the Plaintiff's statements by herself on the record, that Plaintiff is unable to perform any useful functions, only suppositions from gaps in the evidence." (R. 22, PID 380.) The Court has already addressed the ALJ's evaluation of Plaintiff's credibility above. As to the employer letter, the ALJ opined as follows:

> The claimant's former employer, Mohamad Saad, wrote a letter 'To Whom It May Concern,' dated August 20, 2014. Mr. Saad wrote that the claimant was unable to meet the demands of her job at his tanning salon 'due to health issues.' Though Mr. Saad's letter has been considered, it has been given very limited weight. The claimant testified that her tanning salon job required extended periods of sitting at the front desk, as well as significant gross manipulations and reaching (e.g. folding and storing towels), bending to clean the tanning beds, and

> interacting with the public in person and on the phone. Mr. Saad's conclusion that the claimant could not perform her tasks at the salon is of limited value in the undersigned's assessment of the claimant's residual functional capacity.

(R. 12-2, PID 63.) The ALJ's assessment was appropriate under the regulations. First, "even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled." *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001). Second, while the Commissioner will consider "nonmedical opinions" such as statements from a past employer, 20 C.F.R. § 404.1513, 416.913, an ALJ may determine the proper weight to give to such sources in accordance with 20 C.F.R. § 404.1527(f). Finally, as the Commissioner points out in response to the objection, the tanning salon job is only one job and requires a discrete set of activities—it is not, in itself, dispositive of Plaintiff's residual functional capacity. *See* 20 C.F.R. § 416.905. Accordingly, Berry's fourth objection will be OVERRULED.

## II.

For the reasons stated, having reviewed the report and recommendation (R. 21) and Berry's objections (R. 22), the Court will ADOPT the report, DENY Berry's motion for summary judgment (R. 14), GRANT the Commissioner's motion for summary judgment (R. 17), and affirm the disability determination of the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). A separate judgment will issue.

SO ORDERED.

                                                s/Laurie J. Michelson
                                                LAURIE J. MICHELSON
Dated: August 7, 2017                U.S. DISTRICT JUDGE

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 7, 2017.

                                          s/Keisha Jackson
                                          Case Manager